UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CV 11 80 030 MISC |
| Plaintiff, | C.A. No. 3:11-cv-00078 (JBA) |
| v. | |
| FRANCISCO ILLARRAMENDI, and MICHAEL KENWOOD CAPITAL MANAGEMENT, LLC, | **FILED** FEB 1 5 2011 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
| Defendants, | |
| and | |
| MICHAEL KENWOOD ASSET MANAGEMENT, LLC, MK ENERGY AND INFRASTRUCTURE, LLC, and MKEI SOLAR, LP, | |
| Relief Defendants. | |

### ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff U.S. Securities and Exchange Commission ("SEC", "Commission" or "Plaintiff") to appoint a receiver in the above-captioned action; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling, preserving and managing all assets under the direct or indirect control ("Receivership Assets") of Defendant Michael Kenwood Capital Management, LLC and Relief Defendants Michael Kenwood Asset Management, LLC, MK Energy and Infrastructure, LLC,

and MKEI Solar, LP (collectively, the "Receivership Defendants").that: (a) are attributable to funds derived from past or current investors or clients of the Receivership Defendants; (b) are held in constructive trust for the Receivership Defendants; (c) were fraudulently transferred by the Receivership Defendants; and/or (d) may otherwise be includable as assets of the estate of the Receivership Defendants (collectively, the "Receivership Estate"); and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Defendants, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Estate.

2. Until further Order of this Court, John J. Carney, Esq. of Baker & Hostetler LLP is hereby appointed to serve without bond as receiver (the "Receiver") for the Receivership Estate, and Baker & Hostetler LLP is appointed as counsel for the Receiver.

I.

**General Powers and Duties of Receiver**

3. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.

4. The Receiver shall control the operation of the Receivership Estate and shall pursue and preserve all of its claims.

5. Subject to the specific provisions in Sections II through XIII, below, the Receiver

shall have the following powers:

    A.    To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Estate;

    B.    To take possession, custody and control of all records of the Receivership Estate, and effect an accounting of all assets, liabilities and income of the Receivership Estate;

    C.    Upon the submission by the Receivership Defendants of a written request accompanied by appropriate documentation, to approve the payment of reasonable business expenses, living expenses and reasonable attorneys' fees consistent with the Order(s) issued by this Court;

    D.    To manage, in consultation with qualified business advisers, and taking into consideration the wishes of investors, and with the dual objects of maximizing the realizable value of the assets of the Receivership Estate and minimizing the expense charged thereto, the assets of the Receivership Estate, pending further order of the Court or until such time that the Receivership Estate can be liquidated or reorganized;

    E.    To facilitate the liquidation or reorganization of the investor assets managed by the Receivership Defendants pending further Order(s) of the Court, and taking into consideration the wishes of investors; in the event the parties are unable to reach agreement on this issue, the Receiver shall file a notice with the Court and make recommendations to the Court regarding the ultimate disposition of the Receivership Estate;

    F.    To engage and employ persons in his discretion, as reasonably necessary, consistent with the dual objects of maximizing the value of the assets of the Receivership Estate and minimizing the expenses charged thereto, to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial advisers, liquidating agents, real estate agents and forensic experts;

    G.    To use property of the Receivership Estate for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

    H.    To take any action (whether or not in the ordinary course of business) which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

3

  I. To take such action as necessary and appropriate for the preservation of the Receivership Estate, to prevent the dissipation or concealment of assets of the Receivership Estate, and to manage the assets of the Receivership Estate, in furtherance of the dual objects of maximizing the value of the assets of the Receivership Estate and minimizing the expenses charged thereto;

  J. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

  K. Subject to paragraphs 31 and 32 below, to bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

  L. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate;

  M. To effect the distribution of the assets of the Receivership Estate to the investors as soon as practicable, in whole or in part and in cash and in kind; and,

  N. To take such other action as may be approved by this Court.

The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66, to the extent necessary to accomplish the above. Nothing herein shall be construed as a requirement that the Receiver <u>must</u> take possession, custody or control of any particular asset in the course of executing his duties as Receiver.

## II. Access to Information

6. The past and/or present officers, directors, agents, managers, general and limited

4

partners, trustees, attorneys, accountants and employees of the Receivership Defendants, as well as those acting in their place, are hereby ordered and directed to turn over to the Receiver promptly upon request and to preserve all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Estate; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers, but shall not include materials which are subject to a valid attorney client privilege, or any other applicable privilege or protection from disclosure, relating to the representation of the Receivership Defendants in connection with (a) this action, (b) the Commission's voluntary enforcement directed review requested by the Commission Staff on December 14, 2010, and (c) the subpoena issued to The Michael Kenwood Group by the Commission staff on April 30, 2010.

7. Within fifteen (15) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all assets of the Receivership Estate; and, (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendants.

8. Within sixty (60) days of the entry of this Order, the Receivership Defendants shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, with as complete documentation as possible, covering the period from January 1, 2008 to the present:

    A. Of all property of the Receivership Estate, wherever located, held by or in the name of the Receivership Defendants, or in which it, directly or indirectly, has or had any beneficial interest, or over which it maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank,

        brokerage or other financial institution held by, in the name of, or for the benefit of it, directly or indirectly, or over which it maintained or maintains and/or exercised or exercises any direct or indirect control, or in which it had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B. Identifying every account at every bank, brokerage or other financial institution: (a) over which the Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

C. Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by the Receivership Defendants, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D. Of all assets received by it from any person or entity, including the value, location, and disposition of any assets so received;

E. Of all funds received by the Receivership Defendants in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G. Of all expenditures exceeding $10,000 made by the Receivership Defendants, including those made on its behalf by any person or entity; and

H. Of all transfers of assets exceeding $10,000 made by the Receivership Defendants.

9. Within thirty (30) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for 2008 and 2009, with all relevant and necessary underlying documentation.

10. The Receivership Defendants' past and/or present officers, directors, agents, members, managers, shareholders, employees, accountants, debtors, creditors, and general and

limited partners, and other appropriate persons or entities shall answer all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants; provided, however, that nothing in the foregoing is intended to require waiver of the attorney client privilege or any other applicable privilege or protection from disclosure. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

11. The Receiver shall have authority to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

12. The Receivership Defendants are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### III. Access to Books, Records and Accounts

13. The Receiver is authorized to take possession, custody and control of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants. All persons and entities having possession, custody or control of any property of the Receivership Estate are hereby directed to provide access to the Receiver and to turn such property over to the Receiver at the Receiver's request.

14. The Receivership Defendants, as well as their agents, servants, employees,

attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession, custody or control of the property, business, books, records, accounts or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees. The Receiver shall permit the Receivership Defendants to have reasonable access to the books, records or other documents necessary for the Receivership Defendants to comply with their obligations under this Order and/or to defend themselves in this proceeding. The Receiver shall allow such reasonable access under terms and conditions which he determines to be appropriate under the circumstances and which are consistent with his obligations to preserve and protect relevant materials.

15. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds of the Receivership Estate that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

   A.  Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except as approved by the Receiver;

   B.  Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's possession, custody or control without the permission of this Court;

   C.  Within five (5) business days of receipt of that notice, serve on the Receiver and counsel for the parties, including the investors, a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

   D.  Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

8

## IV. Access to Real and Personal Property

16. The Receiver is authorized to take possession, custody and control of all personal property of the Receivership Defendants, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts and mortgages.

## V. Notice to Third Parties

17. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, members, and general and limited partners of the Receivership Defendants, and to such other persons as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

18. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any of the Receivership Defendants shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the applicable Receivership Defendant had received such payment.

19. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate. All government offices which maintain public files of security interests in

9

real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

### VII. Injunction Against Interference with Receiver

20. The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A. Interfere with the Receiver's efforts to take possession, custody or control of, or to manage, any assets of the Receivership Estate; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property of the Receivership Estate;
>
> B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;
>
> C. Except with respect to authorized expenditures in the normal course of business, dissipate or otherwise diminish the value of any property of the Receivership Estate; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any property of the Receivership Estate, enforcing judgments, assessments or claims against the Receivership Estate or the Receivership Defendants, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by the Receivership Defendant or which otherwise affects the Receivership Estate; or,
>
> D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

21. The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

10

22. The Receiver shall promptly notify the Court and counsel for the parties of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### VII. Stay of Litigation

23. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature: (a) against the Receiver, in his capacity as Receiver; (b) to obtain possession of property of the Receivership Estate, wherever located; (c) against any of the Receivership Defendants, including any wholly-owned subsidiaries and partnerships in which a Receivership Defendant is a general partner; or, (d) against any of the Receivership Defendants' past or present officers, directors, managers, members, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

24. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, unless leave of this Court is obtained, including, but not limited to, the issuance or employment of process. Any applicable statute of limitation is hereby tolled as to any and all such causes of action during the period in which this injunction against commencement of legal proceedings is in effect.

25. Further, as to a cause of action accrued or accruing in favor of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

11

12

## VIII. Managing Assets

26. The Receiver may establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent property of the Receivership Estate (the "Receivership Funds") for the Receivership Estate.

27. The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Michael Kenwood Entities" together with the name of the action.

28. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any property of the Receivership Estate, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, subject to consultation with the investors, for the dual objects of maximizing the value of the Receivership Estate and minimizing the expenses relating thereto.

29. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, and with due regard for the interests of the investors, the Receiver will be authorized to sell, and transfer clear title to, all real property and ownership interests in subsidiaries of the Receivership Defendants included in the Receivership Estate.

30. The Receiver may take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable.

13

### IX. Investigate and Prosecute Claims

31. Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with counsel for the parties, including the investors, be advisable or proper to recover and/or conserve Receivership Estate. The foregoing authority of the Receiver, however, does not extend to compromising or settling the above-captioned action, subject to further order of the Court.

32. Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to counsel for the parties before commencing investigations and/or actions.

33. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

14

## X. Liability of Receiver

34.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

35.     The Receiver and his agents, acting within scope of such agency ("Retained Personnel", as defined in Paragraph 43) are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

36.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

37.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's and the defendants' counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XI. Reports

38.     Within ninety (90) days after this Order is entered by the Court, the Receiver shall file and serve a full report and accounting of the Receivership Estate (the "Accounting") reflecting (to the best of the Receiver's knowledge as of the date of the report) the existence,

15

value, and location of all assets of the Receivership Estate, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

39. The Accounting shall contain the following:

   A. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

   B. A schedule of all the Receiver's receipts and disbursements;

   C. A description of all known property of the Receivership Estate, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

   D. A description of liquidated and unliquidated claims held by the Receivership Estate, and;

   E. A list of all known creditors with their addresses and the amounts of their claims.

40. On the request of the Commission, the Receiver shall provide the Commission with any non-privileged documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

41. Within one hundred and eighty (180) days, the Receiver shall make a written recommendation to the Court, upon consultation with counsel for the parties and investors, for authorization to continue or discontinue the receivership, setting forth the specific reasons for the recommendation.

### XII. Fees, Expenses and Accountings

42. Subject to Paragraphs 43 – 49 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary

course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

43. Subject to Paragraph 44 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement, except that the Receiver shall engage the services of Deborah Hicks Midanek and Victor Mandel, who were previously appointed by this Court as Business Advisers.

44. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court and shall be calculated pursuant to the following hourly billing rates:

| | |
|---|---|
| John J. Carney, Esq.: | $495.00 |
| Patrick Hannon, Esq.: | $495.00 |
| Deborah Hicks Midanek: | $495.00 |
| Victor Mandel: | $495.00 |

All New-York based Baker & Hostetler personnel: 18 percent discount to standard rates.

45. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the parties a complete copy of the proposed Application, together with all exhibits and relevant billing

information in a format to be provided by SEC staff.

46. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

47. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

48. Each Quarterly Fee Application shall:

   A. Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

   B. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

49. At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

                                                /s/
                                  UNITED STATES DISTRICT JUDGE

Dated: February 3, 2011

19